IN THE UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO

Case No.  17-CR-00094-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JUSTIN ANTHONY WARREN,

      Defendant.

---

### FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
### FOR ORDER OF DETENTION

---

      This matter is before the court for detention hearing on April 12, 2017.  The court has taken judicial notice of the court's file and the pretrial services report.  In addition, the court has considered the proffers by the defendant and the government.

      In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.  The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

      If there is probable cause to believe that the defendant committed an offense

which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1)    [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2)    the weight of the evidence against the person;

(3)    the history and characteristics of the person, including –

(A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B)    whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4)    the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government is requesting detention in this case.  In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report and the entire court file, and have considered the proffer submitted by the government

and defense counsel and the arguments of counsel. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged in the Indictment with Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1).

Second, based upon the Indictment, I find probable cause exists as to the above listed charge.

Third, I find that the nature of the charge in this case involves the possession of a firearm by a previously convicted felon.

Fourth, I find that defendant is self-employed as a car detailer. Defendant has no assets or liabilities. He has used illicit drugs in the past. Defendant has used marijuana, heroin and oxycodone in the past. Defendant reported to Pretrial Release daily heroin use in December 2016 and February 2017. Defendant received outpatient drug treatment in 2014 when he was on probation. Defendant does not possess a valid Colorado Driver's License. Defendant has a Missouri Driver's License.

Fifth, I find that defendant has suffered a **juvenile adjudication** for Robbery (felony). Defendant has suffered **adult convictions** for Stealing; Possession of Marijuana; Possession of Drug Paraphernalia; Possession of Controlled Substance Except 35 Grams or Less of Marijuana (felony) [two separate convictions]; Unlawful Possession, Transport, Manufacture, Repair or Sale of Illegal Weapon; Purchase/Attempt to Purchase or Possession of Liquor by a Minor First Offense; and other traffic offenses.

Sixth, I find that defendant has suffered nine prior failures to appear and one prior failure to pay all resulting in warrants being issued. Defendant has had his juvenile probation terminated unsuccessful in the past. Defendant has had his adult probation revoked in the past. Defendant has two outstanding warrants. These two outstanding warrants are issued out of Greene County Circuit Court, Springfield, Missouri in Case No. 1131-CR08158-01 and Clay County Circuit Court, Liberty, Missouri Case No. 12CY-CR00692. Defendant has a pending felony drug case out of Pueblo County District

Court, Pueblo, Colorado Case No. 17-CR-306.  Defendant has three prior probation and/or parole violations resulting in warrants being issued. Defendant is a flight risk and a danger to the community.

In light of these facts, I find, by clear and convincing evidence, that defendant is both a flight risk and a danger to the community and that no condition or combination of conditions of release will reasonably assure his presence in court and the safety of the community.  Accordingly, I order that the defendant be detained without bond.

Done this 12th day of April 2017.

BY THE COURT

S/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge